# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

JAMES ROBINSON,            )
                              )
      Plaintiff,           )
                              )
v.                       )     Case No. 2:18-cv-1399-JEO
                              )
CEMEX SOUTHEAST, LLC, et al.,    )
                              )
      Defendants.     )

## MEMORANDUM OPINION AND ORDER

On July 27, 2018, Plaintiff filed a complaint in the Circuit Court of Jefferson County, Alabama, against Defendants CEMEX Southeast, LLC ("CEMEX"), and Randy Martin, as well as fictitious defendants. (Doc. 1-1 at 5-12). On August 30, 2018, Defendant CEMEX[1] filed a notice of removal based on diversity jurisdiction pursuant to 28 U.S.C. §§ 1332, 1441, and 1446. (Doc. 1). On September 10, 2018, Plaintiff filed a motion to remand pursuant to 28 U.S.C. § 1447(c). (Doc. 7). Plaintiff contends the court[2] does not have diversity jurisdiction over his complaint because CEMEX has failed to meet its burden of proof as it relates to the amount

---

[1] Martin had not been served with process and, as such, is not required to join in or consent to removal. 28 U.S.C. § 1446(b)(2)(A); *GMFS, LLC v. Bounds*, 275 F. Supp. 2d 1350, 1354 (S.D. Ala. 2003). Nevertheless, Martin consented to removal. (Doc. 1-3 ¶ 6; Doc. 22).

[2] The action was originally assigned to the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(b) and the court's general order of reference dated January 2, 2015. The parties have since consented to an exercise of plenary jurisdiction by a magistrate judge pursuant to 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73. (Doc. 24).

in controversy requirement. The motion is fully briefed and ripe for decision. (Docs. 14, 18). For the following reasons, the court concludes that federal jurisdiction exists based on complete diversity and the motion to remand is due to be denied.

## I. LEGAL STANDARD

The party seeking removal has the burden of establishing federal jurisdiction. *Pretka v. Kolter City Plaza II, Inc*., 608 F.3d 744, 752 (11th Cir. 2010). A defendant can remove a suit to federal district court if that court has original jurisdiction over the action. 28 U.S.C. § 1441(a). Federal district courts have original jurisdiction over all civil actions between parties of diverse citizenship where the amount in controversy exceeds $75,000, exclusive of interest and costs. 28 U.S.C. § 1332(a).

Where the plaintiff does not plead a specified amount of damages in the complaint, a defendant's notice of removal need include only a "plausible allegation" that the amount in controversy meets the jurisdictional threshold. *See Dart Cherokee Basin Operating Co. v. Owens*, ___ U.S. ___, 135 S. Ct. 547, 554 (2014). When the plaintiff has not specified the amount of damages in the complaint, the removing defendant bears the burden of establishing the jurisdictional amount by a preponderance of the evidence. *Roe v. Michelin North Am., Inc.*, 613 F.3d 1058, 1061 (11th Cir. 2010).

In assessing whether removal is proper, the court first looks to the complaint. *Pretka*, 608 F.3d at 754. If a defendant alleges that federal jurisdiction is "facially apparent" from the complaint, the court must evaluate whether the "complaint itself satisfies the defendant's jurisdictional burden." *Roe*, 613 F.3d at 1061. The law permits a district court to make "'reasonable deductions, reasonable inferences, and other reasonable extrapolations'" to determine whether federal jurisdiction exits from the face of the complaint. *Id.* at 1061-62 (quoting *Pretka*, 608 F.3d at 754). "A district court need not suspend reality or shelve common sense in determining whether the face of the complaint . . . establishes the jurisdictional amount. . . . Instead, courts may use their judicial experience and common sense in determining whether the case stated in a complaint meets federal jurisdictional requirements." *Roe*, 613 F.3d at 1062 (citations and quotation marks omitted).

## II. THE COMPLAINT

In his complaint,[3] Plaintiff alleges he fell several feet from an elevated work platform at a CEMEX facility and suffered severe injuries as a result. (Doc. 1-1 ¶

---

[3] This is not the first complaint filed by Plaintiff with regard to the incident at issue. On March 12, 2018, Plaintiff filed a substantively identical complaint against CEMEX in the Circuit Court of Jefferson County, Alabama, asserting the same claims and damages as the instant complaint. (Doc. 1-4). On April 13, 2018, CEMEX removed the action to this court based on diversity jurisdiction and filed a motion to dismiss. (*See* 2:18-cv-00590-JEO, Docs. 1, 2). On April 20, 2018, Plaintiff voluntarily dismissed the action pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(i). (*Id.* at Doc. 6). Approximately two months later, Plaintiff filed the instant complaint. (*See* Doc. 1-1 at 3). The instant complaint is substantively identical to Plaintiff's

15).   Plaintiff alleges his injuries were caused by CEMEX's negligent and/or wanton conduct. (*Id.* ¶¶ 25, 27).   Additionally, the complaint contains allegations related to the spoliation of evidence.  (*Id.* ¶ 21).

Plaintiff alleges throughout the complaint that he suffered "serious permanent injuries" and "serious bodily injuries."   (*Id.* ¶¶ 15, 16, 17, 18, 19). Specifically, Plaintiff alleges he "suffered serious permanent and debilitating injuries.  Plaintiff's injuries are to his neck, back and brain.  Plaintiff has continued to have dysfunction of his brain, pain and suffering and debilitation in his back and neck and is permanently injured for the rest of his life."  (*Id.* ¶ 19).  The complaint does not explicitly identify the type of damages Plaintiff seeks.

## III.  DISCUSSION

CEMEX alleges that federal jurisdiction exists based on the face of the complaint.   (Doc. 14 at 6-11).   Specifically, CEMEX points to the "serious," "permanent," and "debilitating" nature of the alleged injuries, including "dysfunction of his brain, pain and suffering and debilitation in his back and neck." (*Id.* at 6-7).  Additionally, CEMEX highlights Plaintiff's wantonness claim and the presumed punitive damages demand[4] that come with such a claim.  (*Id.* at 9-10).

---

initial complaint except Plaintiff added Randy Martin as a defendant and incorrectly asserted that he is a citizen of Alabama. (*Compare* Doc. 1-4 with Doc. 1-1).

[4] As notes by CEMEX, the complaint does not explicitly seek punitive damages.  That being said, Plaintiff does not disavow CEMEX's assumption and argument that punitive damages are necessarily sought with his wantonness claim.

Finally, CEMEX cites to Plaintiff's allegations regarding the spoliation of evidence.[5] (*Id*. at 11).

The parties do not dispute that complete diversity exists between the parties. Therefore, the only issue in the motion to remand involves the more than $75,000 jurisdictional requirement. Plaintiff argues "[t]here is nothing on the face of the complaint unambiguously stating how much the Plaintiff[] [is] seeking in damages, only the claim that [he] suffered severe injuries."[6] (Doc. 7 at 4). The court disagrees. Plaintiff specifically alleges he sustained "serious permanent and debilitating injuries" including injuries to his "neck, back and brain." (Doc. 1-1 ¶ 19). Plaintiff further alleges "continued . . . dysfunction of his brain, pain and suffering, and debilitation in his back and neck." (*Id*.). Using its "judicial experience" and "common sense," the court can reasonably infer from the nature and extent of Plaintiff's severe injuries that the amount in controversy exceeds $75,000. The court also notes the fact that Plaintiff alleges permanent injuries; the

---

[5] CEMEX also highlights its belief that Plaintiff incurred significant medical treatment following the incident, including treatment at the hospital and a rehabilitation facility. (Doc. 14 at 8). However, these "beliefs" are not apparent from the face of the complaint and the court does not consider them. The court also does not consider the information regarding Plaintiff's worker's compensation benefits paid by Labor Finders. (*Id*. at 8-9).

[6] Plaintiff's argument ignores the specifics with which the complaint describes his alleged serious injuries.

continual, ongoing nature of these alleged injuries also supports a finding that the jurisdictional amount it met.[7]

Despite Plaintiff's argument to the contrary, a district court can examine the complaint itself, even when a plaintiff elects to put an unspecified amount of damages in the complaint, and make reasonable inferences, using its common sense and judicial experience, whether the "case stated in a complaint meets federal jurisdictional requirements." *Roe*, 613 F.3d at 1062. If all a plaintiff has to do to defeat diversity jurisdiction is to elect to include an unspecified amount of damages in a complaint and include "no details of the value of the claim," no diversity case would ever survive removal. *Id*. at 1064. "Plaintiffs skilled in this form of artful pleading could, with this 'trick,' simply 'make federal jurisdiction disappear.'" *Id*. The court should not reward "such obfuscating tactics." *Id*. As such, the court finds that CEMEX has shown by a preponderance of evidence that the amount in controversy exceeds $75,000.

## IV. CONCLUSION

Based on the foregoing, the motion to remand is **DENIED**. (Doc. 7). CEMEX's motion for leave to conduct limited jurisdictional discovery is **DENIED**

---

[7] Based on the injuries alleged, the court does not need to consider whether Plaintiff seeks punitive damages by virtue of his wantonness claim.

**AS MOOT**.[8]  (Doc. 13).  Additionally, the court has before it two motions to dismiss, one filed by each Defendant.  (Docs. 3, 20).  Plaintiff **SHALL** file a response to the motions by November 2, 2018.  Any reply by Defendants **SHALL** be filed by November 9, 2018.

      **DATED**, this 18th day of October, 2018.

_____
**JOHN E. OTT**
Chief United States Magistrate Judge

---

[8] The court also **DENIES** Plaintiff's request to engage in discovery regarding the residency of Defendant Martin.  (Doc. 7 ¶¶ 23-25).  First and foremost, there is no indication that Martin has been served with the complaint.  In fact, Martin moves to dismiss the complaint against him pursuant to Federal Rule of Civil Procedure 12(b)(5) for insufficient process, among other reasons.  (Doc. 20 at 18-19).  Second, CEMEX filed a declaration with its notice of removal wherein Martin declares under penalty of perjury that he is a resident of Ohio as of April 2018, and, in his answer, Martin denies he is a citizen of Jefferson County, Alabama.  (Doc. 1-3 ¶ 5;Doc. 19 ¶ 5).  Finally, it appears Martin was added to the original complaint, previously voluntarily dismissed by Plaintiff, solely for the purposes of defeating removal.  *See* footnote 3, *infra*.